GARY LEE PETERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Peterson v. Commissioner
Docket No. 2567-83.
United States Tax Court
T.C. Memo 1984-38; 1984 Tax Ct. Memo LEXIS 636; 47 T.C.M. (CCH) 954; T.C.M. (RIA) 84038; January 19, 1984. Gary Lee Peterson, pro se. Patrick McGovern, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $1,239 in petitioner's 1979 Federal income tax. The sole issue is whether petitioner is entitled to deduct $3,643 of expenses in traveling between his residence and place of work. FINDINGS OF FACT Some of the facts are stipulated and found accordingly. Petitioner, Gary Lee Peterson, resided in Vista, Calif., when the petition was filed herein. Petitioner is an electrician and has been employed by the Bechtel Power Corporation (Bechtel) at the San Onofre Nuclear Generating Station (herein SONGS) *637 during the following periods: November 4, 1974
July 11, 1975
March 15, 1976
April 22, 1976
November 30, 1976
March 30, 1977
July 19, 1977
January 10, 1978
March 14, 1978
December 13, 1978
January 18, 1979
February 27, 1980
August 26, 1980
June 24, 1982
July 8, 1982
Present
Petitioner obtained employment with Bechtel during these various periods of time through referrals he received from his union. The break in petitioner's employment at SONGS from January 11, 1978, until March 14, 1978, resulted from Bechtel's involuntary discharge of petitioner for absenteeism. The break in employment from December 14, 1978, until January 18, 1979, resulted from the involuntary discharge of petitioner for sleeping on the jobsite during working hours. All other breaks in employment at SONGS resulted from worker layoffs. When petitioner was assigned to Bechtel by the union, at no time was he informed how long the job would last. Although periodic layoffs of electricians did occur, some electricians were employed continuously at SONGS from 1974 through completion of construction in 1982. [1] Job performance was one of the major criteria Bechtel used in determining *638 whom to lay off when a reduction in forces was required. The SONGS site is located near San Clemente, Calif., approximately 60 miles from petitioner's residence. While working for Bechtel petitioner traveled daily between his residence and the SONGS site. On his 1979 return petitioner deducted $3,643 for expenses incurred in connection with that travel. In his notice of deficiency, respondent disallowed the deduction. OPINION The sole issue is whether petitioner may deduct these travel expenses. It is a well-established rule that expenses incurred in traveling between one's residence and one's place of employment are not deductible unless the taxpayer's employment is "temporary" as opposed to "indefinite." [2]; ; . See sec. 162(a)(2). [3] Thus, resolution of the issue herein depends on a factual determination *639 of whether petitioner's employment at SONGS was temporary or indefinite. Petitioner contends that in 1979 his employment at SONGS was temporary because it was possible that he would be laid off at any time. However, it has been held that "employment which merely lacks permanence is indefinite unless termination is foreseeable within a short period of time." ; [4]. For the following reasons, we conclude that in 1979 it was not foreseeable that petitioner's *640 employment would be terminated "within a short period of time." If petitioner had not been discharded on January 10, 1978, for absenteeism and on December 13, 1978, for sleeping on the jobsite during working hours, it is fair to assume that he would have been continuously employed at SONGS from July 19, 1977, through February 27, 1980, well over a two-year period. [5] Additionally, we think it is significant that some of the electricians were continuously employed at SONGS from 1974 through the end of construction in 1982, see n. 1, supra, that petitioner was never informed by either Bechtel or his union how long his employment at SONGS would last, and that job performance was one of Bechtel's major criteria for determining whom to lay off when a reduction in forces was required. In view of these circumstances, we conclude that in 1979 it was not foreseeable that Bechtel would terminate petitioner's employment at SONGS "within *641 a short period of time." Thus, we hold that in 1979 petitioner's employment at SONGS was indefinite rather than temporary and that petitioner is therefore not entitled to deduct the daily commuting expenses he incurred in connection with that employment. [6]
To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. Construction on the project petitioner worked on in 1979 was completed in 1982. Petitioner is currently working for Bechtel on a new construction project at the same site.↩
2. Although this Court had held that expenses in commuting between the taxpayer's residence and even a temporary employment site are not deductible (see , vacated and remanded on the respondent's motion by unpublished order (2d Cir., March 21, 1972)), that issue has not been presented to us. See . It is respondent's position herein that if petitioner's employment was temporary his expenses are deductible. ↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. In , the Ninth Circuit Court of Appeals explicitly adopted the reasoning of the Seventh Circuit in .↩
5. See wherein periodic worker layoffs and interruptions in employment due to personal reasons did not render the taxpayer's employment "temporary." ↩
6. In a group of cases decided by this Court in 1982, several other Bechtel employees were denied deductions for travel expenses incurred in connection with their employment at SONGS. See ; ; ; ; .↩